UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Noli Razalan,<br><br>        Plaintiff,<br>  vs.<br><br>Cheryl Elumba, an individual; Terence Elumba, an individual; Maryke Weisberg, an individual; and Does 1 through 10, inclusive,<br><br>        Defendants. | Case No.: 2:12-cv-00464-GMN-RJJ<br><br>**ORDER** |

Pending before the Court are the Motions for Default Judgment filed by Plaintiff Noli Razalan against Defendants Cheryl Elumba, Terence Elumba, and Maryke Weisberg (collectively, "Defendants"). (ECF Nos. 13, 15, 16.)

## I. BACKGROUND

On March 19, 2012, Plaintiff filed suit against Defendants on causes of action arising out of the sale of Apple Home Health Care, Inc. ("AHHC"), which Plaintiff owned and operated. In October 2010, Plaintiff entered into an Agreement for the Purchase and Sale of Stock, and a Covenant Not to Compete (collectively, "Stock Purchase Agreement") with Defendants Cheryl Elumba and Maryke Weisberg. (Ex. 1 to Compl., ECF No. 1.) At the same time, Defendants executed a Joint & Several Promissory Note for the purchase amount. (Ex. 2 to Compl.) After Defendants failed to make payments, two new promissory notes were executed in December 2010 (by Cheryl and Terence Elumba) and August 2011 (by all Defendants) for the remaining amounts due. (Exs. 3, 4, 5 to Compl.) Plaintiff's causes of action are: (1) breach of contract regarding stock purchase agreement; (2) breach of contract regarding August 2011

promissory note; (3) breach of implied covenant of good faith and fair dealing regarding stock purchase agreement and August 2011 promissory note; (4) unjust enrichment; (5) fraud / misrepresentation; and (5) promissory fraud.

A Clerk's Entry of Default was entered against each Defendant. (ECF Nos. 10, 14.) Plaintiff filed the instant Motions for Default Judgment as to each Defendant. (ECF Nos. 13, 15, 16.) Defendants have not entered an appearance before the Court, have not filed any responsive pleadings, and have not opposed the motions.

## II. LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Federal Rule of Civil Procedure 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, Rule 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Second, after the clerk enters default, and when the requested relief is anything other than a sum certain or a sum that can be made certain by computation, a party must seek entry of default judgment under Rule 55(b).

Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Nonetheless, while entry of default by the clerk is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1071 (C.D.Cal. 2004) (citation omitted). Instead, whether a court will grant a default judgment is in the court's discretion. *Id*. The plaintiff is required to prove all damages sought in the complaint, and those damages may not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

### III. DISCUSSION

Plaintiff requests the following judgments against each Defendant:

- The principal amount owed plus contractual interest of 6% from the date payment was defaulted until the date of entry of default by the Court:
    - Terence Elumba.    $169,173.33
    - Cheryl Elumba.     $170,559.80
    - Maryke Weisberg.   $170,559.80

And for each Defendant:

- Attorney's fees of $2,500.00;
- Costs and disbursements of $668.70;
  Statutory interest accruing from the date of judgment until fully satisfied, in accordance with 28 U.S.C. § 1961(a) and Nev. Rev. Stat. § 17.130; and
- Punitive damages in accordance with 18 U.S.C. § 2707(c) and Nev. Rev. Stat. § 42.005(1)(a).

Here, the Court finds that Plaintiff's claims are sufficiently pled and support the requested relief, with the exception of Plaintiff's request for punitive damages, which the Court finds are not sufficiently pled. The Court further finds that a dispute concerning material facts does not appear likely, that Plaintiff's substantive claims appear meritorious, and that Plaintiff will be prejudiced if a default judgment is not entered.

Defendants' default does not appear to be due to excusable neglect, and the strong policy favoring decisions on the merits does not weigh against entry of default judgment. Accordingly, Plaintiff's motions will be granted.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motions for Default Judgment against Defendants Cheryl Elumba, Terence Elumba, and Maryke Weisberg (ECF Nos. 13, 15, 16) are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded the following:

(1) for general damages in the sum of $169,173.33 against Defendant Terence Elumba, $170,559.80 against Defendant Cheryl Elumba, and $170,559.80 against Defendant Maryke Weisberg, which includes the contractual interest of 6% from the date payment was defaulted until the date of entry of default by this Court;

(2) for attorney's fees in the amount of $2,500.00 against each Defendant;

(3) for costs and disbursements in the amount of $668.70 against each Defendant; and

(4) for statutory interest accruing from the date of judgment until fully satisfied, in accordance with 28 U.S.C. § 1961(a) and Nev. Rev. Stat. § 17.130.

DATED this 18th day of December, 2012.

_____
Gloria M. Navarro
United States District Judge